*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-100

SEPTEMBER TERM, 2016

| | | |
|---|---|---|
| David and Dorothy Maunsell | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| Bank of New York Mellon Trust Co., | } | DOCKET NO. 798-8-15 Cncv |
| Joshua B. Lobe, Esq. and Lobe, Fortin & | } | |
| Rees, PLC | } | |
| | | Trial Judge: Helen M. Toor |

In the above-entitled cause, the Clerk will enter:

Plaintiffs appeal pro se from judgments in favor of defendants on plaintiffs' complaint for conversion and improper judicial foreclosure sale. We affirm.

This case commenced in April 2011 with the filing of a complaint for foreclosure by defendant bank against plaintiffs. In August 2012, the court granted summary judgment in favor of bank, and issued a judgment and decree of foreclosure by judicial sale in the amount of $174,976.88. Plaintiffs did not request permission to appeal pursuant to V.R.C.P. 80.1(g)(1) (providing that party appealing from foreclosure judgment "must request permission to appeal by motion filed with the Court within ten (10) days of the date of entry of judgment"). In March 2013, following expiration of the six-month redemption period, bank conducted a foreclosure sale by public auction and sold the property for $156,550. Bank then filed a motion for confirmation of sale, and the court issued a confirmation order on May 20, 2013, confirming the sale of the property.

In early June 2013, plaintiffs filed a notice of appeal of the confirmation order. Bank moved to dismiss the appeal for failure to comply with V.R.C.P. 80.1(m) requiring a motion for permission to appeal a foreclosure judgment within ten days of entry of the judgment. In response, this Court issued an order on August 9, 2013, stating that the motion would be considered with the merits of the appeal, and that plaintiffs' docketing statement and transcript order must be filed with the Court by August 15, 2013, or the appeal would be subject to dismissal without further notice. On August 27, 2013, we dismissed the appeal for failure to comply with the August 9, 2013, order.[1]

In September 2015, plaintiffs commenced the instant proceeding by filing a pro se complaint against defendant bank and defendants Joshua Lobe, Esq., and the law firm of Lobe,

---

[1] In addition to the complaint in superior court, in April 2014, plaintiffs filed a complaint in the United States District Court, District of Vermont, alleging that defendant bank had converted plaintiffs' property by failing to conduct a "bona fide sale by public auction." In November 2014, the court dismissed the action for lack of subject matter jurisdiction.

Fortin & Rees, who had represented bank in the foreclosure proceeding.[2] The complaint alleged that defendants had "converted" the subject property as a result of procedural infirmities in the foreclosure sale, specifically that it was not a public sale and that the notice of sale was defective, and further alleged that defendant attorneys had breached a "contractual relationship" with plaintiffs.

Defendant attorneys moved to dismiss the complaint, and defendant bank moved for judgment on the pleadings. The court granted the motion to dismiss, concluding that defendant attorneys owed no duty to plaintiffs, who were opposing parties rather than clients, and granted bank's motion, concluding that plaintiffs' claims were barred by res judicata. This pro se appeal followed.[3]

The doctrine of res judicata, or claim preclusion, "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." In re Central Vt. Pub. Serv. Corp., 172 Vt. 14, 20 (2001) (quotation omitted). "The doctrine does not require that the claims were actually litigated in the prior proceeding; rather, it applies to claims that were or should have been litigated in the prior proceeding." Id. The trial court here correctly concluded that plaintiffs' claims against defendant bank challenging the judicial-sale procedures were either raised or could have been raised in the earlier proceeding in which plaintiffs' appeal was dismissed by this Court and the confirmation of sale became final; the parties and subject matter are identical, and the claims are barred from being raised in this new action.

The trial court also correctly ruled that defendant attorneys owed no duty to plaintiffs. See Felis v. Downs, Rachlin & Martin, 2015 VT 129, ¶ 21, ___ Vt. ___ ("It is well established that an attorney owes no duty to an adverse party."). Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

---

[2] The complaint was labeled a "petition for summary judgment and writ of replevin."

[3] Although plaintiffs' brief on appeal challenges the judgment in favor of defendant attorneys, plaintiffs' notice of appeal referenced only the judgment in favor of defendant bank. Thus, while the appeal was pending, defendant attorneys moved to strike all references to them in plaintiffs' brief, asserting that they are not properly part of the appeal. We reserved ruling on the motion. Despite the omission in the notice of appeal, plaintiffs' intent to appeal both rulings has been evident, and defendant attorneys have briefed the issues on appeal. Accordingly, we shall address both trial court rulings, despite the deficient notice of appeal. See V.RA.P. 2. The motion to strike is denied.